# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:16-cr-00264 |
| v. | : | (Judge Brann) |
| JULIOUS BULLOCK, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

### NOVEMBER 21, 2017

Before the Court is Defendant Julious Bullock's ("Defendant") Objection to the Presentence Investigation Report ("PSR"). In this Objection, Defendant argues that the Career Offender enhancement was improperly applied to his guideline calculation because his prior convictions for North Carolina Common Law Robbery are not "crimes of violence" pursuant to U.S.S.G. § 4B1.1(a)(3). Having considered the positions of the parties and for the reasons that follow, the objection is overruled.

I.  **FACTUAL BACKGROUND**

On September 13, 2016, a Grand Jury sitting in the Middle District of Pennsylvania returned an Indictment charging Defendant Julious Bullock with one count of Assault on a Federal Officer Involving Physical Contact and Resulting in

Bodily Injury in violation of 18 U.S.C. § 111(a) and 111(b).[1] The Indictment states that, on or about August 2, 2016, Defendant did "knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere" with Correctional Officer B.M. at the United States Penitentiary at Lewisburg, Pennsylvania.[2] Defendant was subsequently arraigned on October 6, 2016 before United States Magistrate Judge William I. Arbuckle, III, at which time counsel was appointed pursuant to the Criminal Justice Act.[3]

On February 20, 2017, Defendant and his attorney at the time signed a Plea Agreement.[4] Pursuant to this Agreement, Defendant entered a plea of guilty to the Indictment on March 30, 2017.[5] The Court directed the United States Probation Office to prepare a Presentence Investigation Report.[6] Current counsel was appointed to represent Defendant by Court Order dated May 16, 2017.[7]

The United States Probation Office filed a Draft Presentence Investigation Report on July 14, 2017.[8] Defendant filed objections to the PSR on July 24, 2017.[9]

---

[1] ECF No. 1.

[2] *Id.*

[3] ECF Nos. 7 & 9.

[4] ECF No. 21.

[5] ECF No. 25.

[6] ECF No. 26.

[7] ECF No. 34.

[8] ECF No. 36.

[9] ECF No. 38.

Remaining among those Objections is an argument that the PSR improperly utilizes the Career Offender Enhancement to calculate Defendant's Offense Level.[10] By Order dated October 3, 2017, the Court directed counsel to file a Sentencing Memorandum addressing the sentencing factors set forth by 18 U.S.C. § 3553(a) and the applicability of the Career Offender Enhancement.[11] Defense Counsel filed his Memorandum on October 27, 2017;[12] the Government responded on November 13, 2017.[13] This matter is now ripe for disposition.

## II. DISCUSSION

Under U.S.S.G. § 4B1.1(a), the career offender enhancement is properly applied if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The term "crime of violence," as operative at the time Defendant committed the instant offense, is defined in the Career Offender Guideline of U.S.S.G. § 4B1.2(a) as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

---

[10] *Id.*

[11] ECF No. 44.

[12] ECF No. 51.

[13] ECF No. 52.

>   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>   (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).[14]

In his Sentencing Memorandum, Defendant argues that his two prior convictions for North Carolina common law robbery do not qualify as crimes of violence pursuant to U.S.S.G. § 4B1.2.[15] Under the text of the Guidelines as included above, there are two ways in which Defendant's convictions can constitute crimes of violence: the elements clause, or the enumerated offenses clause. I will examine each below.

### A. The Elements Clause

As previously noted, the elements clause of the U.S.S.G. § 4B1.2(a)(1) defines a "crime of violence" as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[16] "Physical force," as used in this clause, means "violent force—that is, force

---

[14] U.S.S.G. § 4B1.2(a).

[15] ECF No. 51.

[16] Because "crime of violence" as defined in the elements clause of the U.S.S.G. § 4B1.2(a)(1) employs the same language as the ACCA's definition of "violent felony," our Court of Appeals has instructed that "[p]recedent . . . requires the application of case law interpreting 'violent felony' in [the] ACCA to 'crime of violence' in U.S.S.G. § 4B1.2." *United States v. Brown*, 765 F.3d 185, 189 n.2 (3d Cir. 2014) (quoting *United States v. Marrero*, 743 F.3d 389, 394 n.2 (3d Cir. 2014)).

capable of causing physical pain or injury to another person" and which "connotes a substantial degree of force."[17]

To determine whether a prior conviction qualifies as a "crime of violence" under the elements clause of § 4B1.2(a)(1), courts must follow the "'categorical approach,' wherein the crime of conviction is evaluated as to whether it categorically constitutes a crime of violence."[18] "That is, we consider whether the elements of the offense are of the type that would justify its inclusion within the [elements clause], without inquiring into the specific conduct of this particular offender."[19] "If the state statute 'sweeps more broadly' than the . . . definition, a conviction under it is not a [crime of violence] even if the defendant actually committed the offense in a way that involved the use (or threatened use) of physical force against another."[20]

However, if a statute is "divisible" whereby it "comprises multiple, alternative versions of the crime," a court "can look beyond the fact of conviction and examine certain record evidence from the conviction."[21] Known as the "modified categorical approach," this method of determining whether a conviction

---

[17] *Johnson v. United States*, 559 U.S. 133, 140 (2010).

[18] *United States v. Jones*, 740 F.3d 127, 133 (3d Cir. 2014).

[19] *Id.* at 133 (quoting *James v. United States*, 550 U.S. 192, 202 (2007)).

[20] *United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014)(quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)).

[21] *Taylor v. United States*, 495 U.S. 575, 600 (1990).

constitutes a "crime of violence" allows a court to examine the charging paper and jury instructions, written plea agreement, transcript of plea colloquy, and "any explicit factual finding by the trial judge to which the defendant assented."[22] Here, as a threshold matter, the Court must determine whether North Carolina Common Law Robbery constitutes a divisible crime. In *United States v. Gardner*, the United States Court of Appeals for the Fourth Circuit held that North Carolina common law robbery is not a divisible crime, writing that:

> Under North Carolina's pattern jury instructions, the final element of common law robbery requires "that the taking was by violence or by putting the person in fear." (citation omitted). Thus, the jury need not agree unanimously that the felonious taking was committed by the use of violence or by instilling fear, only that one of the two means was employed. Accordingly, North Carolina common law robbery may be committed by the alternate *means* of violence or fear that do not constitute different elements of distinct crimes.[23]

I agree with that reasoning, and find that Defendant's prior convictions were not for a divisible crime.

The Court must therefore apply the categorical approach to determine whether Defendant's prior convictions constitute crimes of violence under the elements clause. I will not be painting on a *tabula rasa* in deciding this issue. For example, in *Gardner*, the Fourth Circuit examined the "minimum culpable

---

[22] *Brown*, 765 F.3d at 189-90 (citing *Taylor*, 495 U.S. at 602; *Shepard v. United States,* 544 U.S. 13, 16 (2005)).

[23] 823 F.3d 793, 802–03 (4th Cir. 2016).

conduct" necessary for a violation of this law.[24] Examining decisions of the Supreme Court of North Carolina, the *Gardner* Court found that North Carolina common law robbery, which "may be committed by the alternative means of violence or fear," may be committed through violence which constitutes as little as "*de minimis* contact."[25] The *Gardner* Court thereafter concluded that "the minimum conduct necessary to sustain a conviction for North Carolina common law robbery does not necessarily include the use, attempted use, or threatened use of 'force capable of causing physical pain or injury to another person,' as required by the force clause of the ACCA."[26]

This conclusion was thereafter followed in *United States v. Hinton*, a decision of the Eastern District of North Carolina.[27] In that case, the District Court determined that common law robbery is not a crime of violence under the "use of force" clause of the career offender guideline.[28] The *Hinton* Court similarly reasoned that, because the North Carolina Supreme Court has held that "the degree of force used [in North Carolina common law robbery] is immaterial[,] so long as

---

[24] *Id.* at 803 ("[M]inimum culpable conduct includes any conduct to which there is a "realistic probability, not a theoretical possibility," that a state would apply the law.")(citing *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)).

[25] *Gardner*, 823 F.3d at 803 (citing *State v. Sawyer*, 224 N.C. 61 (1944); *State v. Chance*, 191 N.C.App. 252, 2008 WL 2415981, at *3–4 (N.C.Ct.App. June 17, 2008)).

[26] *Id.* at 804.

[27] Civil Action No. 4:15-CR-26, 2016 WL 632447, at *1–2 (E.D.N.C. Feb. 17, 2016).

[28] *Id.* at *2.

it is sufficient to compel the victim to part with his property or property in his possession, it does not categorically require the use or a show of "force" as required by the elements clause.[29] This reasoning and conclusion was followed by the Honorable William W. Caldwell of this Court in *United States v. Graves*.[30] I will join these decisions today, and thus find that North Carolina common law robbery does not constitute a "crime of violence" under the elements clause of U.S.S.G. § 4B1.1(a)(1).

B. **The Enumerated Offenses Clause**

Under U.S.S.G. § 4B1.2(a)(2), or the "enumerated offenses" clause, a "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material." Here, as noted throughout, Defendant has two prior convictions for North Carolina common law Robbery which appear to fall within the listed offenses of this guideline provision. However, enumeration alone is not dispositive. Rather, in *United States v. Marrero*, the Third Circuit held that enumeration itself was not sufficient to render a third degree murder under

---

[29] *Id.*

[30] Criminal Action No. 15-CR-158, 2016 WL 5934205, at *4–5 (M.D.Pa. Oct. 12, 2016).

Pennsylvania law a crime of violence, and that the court "should have proceeded to apply the additional steps set forth by the Supreme Court [of the United States] in *Taylor v. United States*."[31]

In *Taylor*, the Supreme Court of the United States held that courts must first "define the elements of [the prior conviction] according to its 'generic, contemporary meaning,'" and then "compare the elements of the crime of conviction to the generic form of the offense as defined by the States, learned treatises, and the Model Penal Code."[32] Addressing cases in which the state statute under which a defendant is convicted varies from the generic definition of the offense, the *Taylor* court wrote that:

> If the state statute is narrower than the generic view, *e.g.,* in cases of burglary convictions in common-law States or convictions of first-degree or aggravated burglary, there is no problem, because the conviction necessarily implies that the defendant has been found guilty of all the elements of generic burglary. And if the defendant was convicted of burglary in a State where the generic definition has been adopted, with minor variations in terminology, then the trial court need find only that the state statute corresponds in substance to the generic meaning of burglary.[33]

To qualify as crimes of violence under the enumerated offense provision of the career offender guideline, Defendant's prior convictions of North Carolina common law robbery must therefore "'substantially correspond[]'" to the generic

---

[31] 743 F.3d 389, 399 (3d Cir. 2014).

[32] 495 U.S. 575, 599 (1990).

[33] *Id.*

definition of the offense."[34] Only if a statute "sweeps more broadly than the generic crime" does a conviction fail to constitute a conviction of the generic offense.[35]

On August 1, 2016, the Sentencing Commission updated the definition of "crime of violence," to include "robbery" within the enumerated offenses clause.[36] Prior to that Amendment, I note that "robbery" as an offense was included within the commentary to this provision.[37] In that context, there is non-binding support for finding that North Carolina Common Law Robbery constitutes "robbery," and thus is a "crime of violence" under the enumerated offenses clause of U.S.S.G. § 4B1.2. I find these cases highly persuasive.

For example, in the previously cited case of *Hinton*, the District Court defined the generic offense of robbery as a "'common-law felony' that requires a 1) trespassory 2) taking and 3) carrying away of the 4) personal property 5) of another 6) with intent to steal it, where 7) the property is taken from the person or presence of the other and 8) the taking is accomplished by means of force or

---

[34] *United States v. Marrero*, 743 F.3d 389, 400 (3d Cir. 2014)(citing *Taylor*, 495 U.S. at 602).

[35] *Id.* (citing *Descamps*, 133 S.Ct. at 2283).

[36] *See* U.S. Sentencing Commission, Sentencing Guideline Amend. 798, at ii (Jan. 21, 2016), http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160121_RF.pdf.

[37] *See United States v. Parks*, 237 F.Supp.3d 229, 236 (M.D.Pa. 2017)(Mannion, J.).

putting in fear."[38] In so doing, the *Hinton* Court noted that the great majority of states, including North Carolina itself, adhere to this definition.[39] The Court therefore concluded that, because North Carolina employs the common law definition of robbery, the defendant's prior conviction of common law robbery qualifies as a "crime of violence."[40]

This conclusion was also reached by Judge Caldwell in *Graves*. Judge Caldwell first noted that the Third Circuit uses a "multi-source approach" to determine the generic meaning of an offense, in which the Court must look to "various state codes, the Model Penal Code, federal law, and criminal law treatises."[41] Judge Caldwell thereafter compared the Model Penal Code definition of robbery with that of a "common law robbery."[42] Noting that the Model Penal Code method is the minority approach, Judge Caldwell declined to follow its definition and found instead that, because North Carolina common law robbery

---

[38] *Hinton*, 2016 WL 632447, at *3 (citing Wayne R. LaFave, Substantive Criminal Law § 20.3 (2d ed.)).

[39] *Id.*

[40] *Id.* Indeed, in more recent, post *Beckles* decisions within the Fourth Circuit, courts have, without extensive analysis, found North Carolina common law robbery to be a "crime of violence." *See United States v. Davis*, 684 F.App'x. 317, 318 (4th Cir. 2017) (per curiam) (affirming district court's finding North Carolina common law robbery was a crime of violence as a predicate offense for establishing career offender designation); *United States v. Snead*, Criminal Action No. 5:09-CR-281, 2017 WL 3493615, at *4 (E.D.N.C. Aug. 14, 2017).

[41] *Graves*, 2016 WL 5934205, at *8 (citing *United States v. Rodriguez*, 711 F.3d 541, 551 n.14 (5th Cir. 2013)).

[42] *Id.*

substantially corresponds to the definition of generic robbery employed by most states, Graves' offense qualifies as a "crime of violence" under the enumerated offenses clause of U.S.S.G. § 4B1.2.  I find this reasoning persuasive, and thus conclude that Defendant's North Carolina common law robbery convictions substantially correspond to the definition of generic robbery employed by most states.  The imposition of the career offender enhancement is therefore properly levied in the case at bar.

## III.    CONCLUSION

Based on the above reasoning, I will **OVERRULE** Defendant's objection to the PSR's application of the Career Offender enhancement.  I note however, that Defendant, in his Sentencing Memorandum, makes a lengthy argument in favor of variance from the sentencing guidelines.  That argument is well-taken and will be addressed at sentencing.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge